# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| **ROBERT MARK SCHMIDT**          )<br>    13616 Springstone Drive         )<br>    Clifton, VA 20124                    )<br>                                        )<br>**AND**                                    )<br>**JOHN McDADE**                  )<br>    1602 Hollins Street           )<br>    Baltimore, MD 21223         )<br>                                        )<br>**AND**                                    )<br>**DAVID ARE**                      )<br>    293 Indian Cave Road        )<br>    Ellijay, GA 30536                 )<br>                                        )<br>**AND**                                    )<br>**STACY DE LA HOZ**            )<br>    10 Lennon Court                )<br>    Glen Burnie, MD 21061       )<br>                                        )<br>**AND**                                    )<br>**ANDREA HALLOCK**          )<br>    2965 Brook Mill Court        )<br>    Oak Hill, VA 20171             )<br>                                        )<br>**AND**                                    )<br>**TIMOTHY RADEMACHER**   )<br>    9575 Hardin Road             )<br>    Colorado Springs, CO 80908  )<br>                                        )<br>**AND**                                    )<br>**BRUCE MORRIS**                )<br>    12022 Parkriver Drive        )<br>    Manassas, VA 20112           )<br>                                        )<br>**AND**                                    )<br>                                        ) | Civil Action No.: 18-1472 |

| | |
|---|---|
| **GERALD LEBEL** | ) |
|     **7730 Silver Sage Court** | ) |
|     **Springfield, VA 22153** | ) |
| **AND** | ) |
| | ) |
| **TOMMY REMBERT** | ) |
|     **8008 Towering Oak Way** | ) |
|     **Manassas, VA 20111** | ) |
| | ) |
| **AND** | ) |
| | ) |
| **ISAAC GUSMAN, SR.** | ) |
|     **6331 Ford Road** | ) |
|     **Frederick, MD 21702** | ) |
| | ) |
| **AND** | ) |
| | ) |
| **CRAIG CHUBA** | ) |
|     **13240 Nancy Court** | ) |
|     **Woodbridge, VA 22193** | ) |
| | ) |
| **AND** | ) |
| | ) |
| **DARRIN EATON** | ) |
|     **20554 Middlebury Street** | ) |
|     **Ashburn, VA 20147** | ) |
| | ) |
| **AND** | ) |
| | ) |
| **LAURA KNIGHT** | ) |
|     **7184 Steeplechase Road** | ) |
|     **Warrenton, VA 20186** | ) |
| | ) |
| **AND** | ) |
| | ) |
| **MICHAEL NOVITSKY** | ) |
|     **4231 Monument Wall Way, Apt. 321** | ) |
|     **Fairfax, VA 22030** | ) |
| | ) |
| **AND** | ) |
| | ) |
| **MIA FRANKEL** | ) |
|     **12236 Ladymeade Court, Apt. 201** | ) |
|     **Woodbridge, VA 22192** | ) |
| | ) |
| **AND** | ) |

|  |  |
|---|---|
| **LaDEANA SMITH**<br>    **11118 Boathouse Court**<br>    **Reston, VA 20191** | )<br>)<br>)<br>) |
| **AND** | )<br>) |
| **TUCKER NEWBERRY**<br>    **11018 Devenish Drive**<br>    **Oakton, VA 22124** | )<br>)<br>)<br>) |
| **AND** | )<br>) |
| **ANTERO LACOT**<br>    **8980 Fascination Court, Apt. 315**<br>    **Lorton, VA 22079** | )<br>)<br>)<br>) |
| **AND** | )<br>) |
| **THUY NGUYEN**<br>    **3379 Ardley Court**<br>    **Falls Church, VA 22041** | )<br>)<br>)<br>) |
| **AND** | )<br>) |
| **KELLY HOOD**<br>    **780 Camino Magnifico**<br>    **San Marcos, CA 92069** | )<br>)<br>)<br>) |
| **AND** | )<br>) |
| **JENIFER MOORHEAD**<br>    **7322 Reddfield Court**<br>    **Falls Church, VA 22043** | )<br>)<br>)<br>) |
| **AND** | )<br>) |
| **ROBERT BOERJAN**<br>    **1125 11th Avenue**<br>    **St. Petersburg, FL 33705** | )<br>)<br>)<br>) |
|         **Plaintiffs,** | )<br>) |
|     **v.** | )<br>) |

**FCI ENTERPRISES LLC**          )
    **14170 Newbrook Drive, Ste. 100**          )
    **Chantilly, VA 20151**          )
**SERVE REGISTERED AGENT:**          )
    **CT Corporation System**          )
    **4701 Cox Rd., Ste. 285**          )
    **Glen Allen, VA 23030**          )
              )
              )
**AND**          )
              )
**MICHAEL GULINO, INDIVIDUALLY**          )
    **14224 Post Mill Drive**          )
    **Midlothian, VA 23220**          )
              )
**AND**          )
              )
**DANIEL MUSE, INDIVIDUALLY**          )
    **6411 Kirby Road**          )
    **Bethesda, MD 20817**          )
              )
**AND**          )
              )
**JOHN BRONSON, INDIVIDUALLY**          )
    **22098 Quail Pond Place**          )
    **Ashburn, VA 20148**          )
              )
**AND**          )
              )
**ROBERT KNIBB, INDIVIDUALLY**          )
    **2960 Chainbridge Road, NW**          )
    **Washington, DC 20016**          )
              )
**AND**          )
              )
**B. HAGEN SAVILLE, INDIVIDUALLY**          )
    **2008 Monument Avenue**          )
    **Richmond, VA 23220**          )
              )
    **Defendants.**          )
              )

## COMPLAINT

Plaintiffs Robert Mark Schmidt, John McDade, David Are, Stacy De La Hoz, Andrea Hallock, Timothy Rademacher, Bruce Morris, Gerald Lebel, Tommy Rembert, Isaac Gusman Sr., Craig Chuba, Darrin Eaton, Laura Knight, Michael Novitsky, Mia Frankel, LaDeana Smith, Tucker Newberry, Antero Lacot, Thuy Nguyen, Kelly Hood, Jenifer Moorhead, and Robert Boerjan (collectively referred to as the "Plaintiffs"), and pursuant to Rule 20 of the Federal Rules of Civil Procedure, join together in filing this Complaint against FCI Enterprises LLC ("FCI"), Michael Gulino, Daniel Muse, John Bronson, Robert Knibb and B. Hagen Saville (hereinafter referred to collectively as the "Defendants" except as otherwise separately noted). The Plaintiffs, by and through undersigned counsel, allege the following:

## PARTIES

1. Plaintiffs were employed by FCI in various employment positions performing work on or in connection with federal contracts on behalf of FCI until all were terminated. FCI terminated Plaintiffs[1] without notice on or about October 8, 2018 and notified them that their terminations were retroactively effective as of October 5, 2018.

2. FCI is a limited liability company organized and existing under the laws of the Commonwealth of Virginia with its principal place of business and headquarters located at 14170 Newbrook Drive, Suite 100, Chantilly, Virginia 20151 (the "Facility"). The Facility is FCI's only location and it has no other offices or locations. FCI's website identified its business as "a government contractor providing financial, management, engineering, cybersecurity, and IT solutions and services throughout the United States."

---

[1] Plaintiff Mia Frankel resigned from FCI on October 4, 2018, because she found a more favorable job opportunity. Ms. Frankel, along with the other Plaintiffs, also did not receive wages and benefits from FCI for approximately 3 weeks of work. FCI is using the abrupt termination of its operations as a basis to forego paying wages, vacation and benefits to all Plaintiffs named herein.

3. FCI's website identified Michael Gulino as FCI's President, Chief Executive Officer ("CEO") and Director of FCI responsible for the FCI's strategic direction, including growth and investment strategies, operations, and the overall health of FCI. Mr. Gulino exercised economic and operational control of FCI, along with the other individual Defendants, as it relates to the facts and allegations herein. At all relevant times herein, Mr. Gulino directly and indirectly acted in the interest of FCI.

4. FCI's website identified Daniel Muse as FCI's Chief Financial Officer ("CFO") responsible for planning, implementing, and managing all financial-related activities of FCI. Mr. Muse had direct oversight of the accounting, finance, contracts, human resources, security and internal IT departments. Mr. Muse is also responsible for strategic planning, forecasting, bid pricing strategy/analysis, contract negotiations, property management and legal matters. Mr. Muse exercised economic and operational control of FCI, along with the other individual Defendants, as it relates to the facts and allegations herein. At all relevant times herein, Mr. Muse directly and indirectly acted in the interest of FCI.

5. FCI's website identified John Bronson as the Chairman of the Board of FCI responsible for overseeing FCI's "strategic direction and focuses on new business development opportunities." Prior to serving as FCI's Chairman of the Board, he preceded Mr. Gulino as President and CEO of FCI. Mr. Bronson exercised economic and operational control of FCI, along with the other individual Defendants, as it relates to the facts and allegations herein. At all relevant times herein, Mr. Bronson directly and indirectly acted in the interest of FCI.

6. FCI's website identified Robert Knibb and B. Hagen Saville as Directors on the Board of Directors. Upon information and belief, Messrs. Knibb and Saville exercised financial and operational control over FCI and the decisions to close down FCI's operations and all financials decisions resulting in the closure of the Facility, termination of all employees, lack of notice and failure and refusal to pay employees wages and benefits earned, due and owing. At all relevant times herein, Messrs. Knibb and Saville directly and indirectly acted in the interest of FCI. Messrs. Knibb and Saville also partners in Washington Equity Partners ("WEP"), a venture capitalist firm located in McLean, Virginia. According to WEP's website, it is focused on investing in aerospace, defense and government contracting and included FCI as one of the companies it owned.

7. According to FCI, in 2016, Messrs. Bronson, Knibb and Saville purchased FCI from its previous owner. Approximately half of the purchase price of FCI was paid in cash equity by Messrs. Bronson, Knibb and Saville, and the remaining amount secured by a loan from Branch Banking and Trust Company ("BB&T") secured by FCI's assets, along with a subordinate loan back to FCI by the seller of FCI.

## JURISDICTION AND VENUE

8. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" and, therefore, has jurisdiction over this proceeding.

9. This Court has personal jurisdiction over all Defendants by virtue of them transacting, doing, and soliciting business in this judicial district.

10. Pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 2104(5), venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

11. On October 8, 2018, Mr. Muse, in his capacity as CFO for FCI, sent a Notice to All Employees by email that FCI was "officially terminating all employees." In that email, Mr. Muse attached a letter from FCI's CEO, Mr. Gulino. Mr. Gulino, in his capacity as CEO for FCI, informed employees that "the Company has had to cease operations" and that all employees "are officially laid off as of close of business of Friday, October 5, 2018".

12. The October 8, 2018 termination came without warning to Plaintiffs and without any prior written notice. Neither the October 8, 2018 email from Mr. Muse, nor the October 8, 2018 letter from Mr. Gulino, cited any circumstance of which would make advance warning or notice to employees impossible due to unforeseeable business circumstances.

13. On October 18, 2018, FCI sent an email to all former employees further explaining the circumstances surrounding the sudden termination on October 8, 2018. FCI cited the following reasons, amongst others, for the "immediate shutdown of its operations"

    - A BB&T loan taken out in 2016 by FCI owners to purchase the company from its prior owners, of which "the company's cash flow has been used to pay down BB&T's loan";

    - Two years after the 2016 purchase of FCI, FCI lost three major contracts and since then Mr. Gulino "failed to generate enough new business in time to enable the company to satisfy its obligations to BB&T"; and

- FCI defaulted on its BB&T loan and FCI and BB&T were unable restructure the loan.

14. The October 18, 2018 FCI email also acknowledged that FCI missed its October 5, 2018 payroll and that FCI employees "were not paid for approximately 3 weeks of work."

15. The October 18, 2018 FCI email further represented the following:

    - "[t]he owners have received no distributions of profits or return of their initial cash equity contribution;"

    - "on two occasions the owners invested even more capital to fund FCI's ongoing operations;"

    - That "[b]ecause BB&T's loan is secured by all of the company's assets, all proceeds that the company receives from customers or asset sales will reduce the debt owed to BB&T;"

    - "The Company believes that the value of such proceeds will be significantly less than the balance owed to BB&T, such that no funds would remain for payment of employees' wage claims or any other debts;" and

    - "The company has amended the 401(k) plan to ensure the vesting of all previously unvested amounts for current employees" and "Employees are now able to withdraw, roll over, or transfer their 401(k) balances as they see fit."

16. Despite the representations in FCI's October 18, 2018 email, Plaintiffs learned that their individual FCI Enterprises LLC 401(k) Plan accounts with Massachusetts Mutual Life Insurance Company ("MassMutual") were frozen and Plaintiffs were unable to withdraw, roll over, or transfer their 401(k) balances.

17. Upon information and belief, MassMutual froze the FCI Enterprises LLC 401(k) Plan accounts because of insufficient funds and MassMutual notified FCI that its automated payment to MassMutual "bounced."

18. Upon the unfreezing of their 401(k) Plan accounts, some Plaintiffs discovered losses characterized as "other activity." Upon inquiring with MassMutual, Plaintiffs learned that these losses were the result of FCI terminating its operations, which violated the terms of FCI's contract with MassMutual causing MassMutual to, in turn, deduct the difference of the guaranteed rate and the market rate from certain accounts, including the accounts of Plaintiffs.

19. Upon information and belief, in early 2018, Messrs. Bronson, Knibb, and Saville did, in fact, receive substantial distributions, despite representations to the contrary in FCI's October 18, 2018 email and despite claiming that FCI was using all proceeds to fulfill debt obligations to BB&T.

20. In fact, since purchasing FCI from previous owner, Messrs. Bronson, Knibb, and Saville have regularly received loans and distributions from FCI. Mr. Bronson has received interest payments of roughly $50,000, a commission of $550,000, a loan of $75,000 and shareholder and quarterly distributions of roughly $400,000, in addition to guaranteed monthly payments of $25,000. Mr. Knibb received a $300,000 loan and roughly $1 million in shareholder and tax distributions. Mr. Saville received a $125,000 loan and roughly $640,000 in shareholder distributions.

21. Upon information and belief, FCI paid $370,000 towards the BB&T loan, but then demanded the money back after it terminated all of its employees.

22. Prior to terminating all of its employees and shutting down its operations, FCI had several ongoing, multi-million dollar government contracts that it was servicing with business potential through 2023.

23. In fact, in April 2018, FCI announced on its website that it was awarded a three-year task order contract with the U.S. Army Cyber Command, Control, Communications, Computers, and Information Management.

24. In September 2018, FCI was awarded a contract to support the United States Army Central Technical Support Facility's Systems Interoperability Effort. This was a five-year, $28.8 million dollar contract.

25. FCI's abrupt decision to terminate all of its employees and operations meant abandoning ongoing contract obligations, many of which support the United States Government.

26. Since termination of its operations, FCI continues to function in that it has been collecting on outstanding accounts receivable and selling existing FCI government contracts to other companies to take over. Yet, Plaintiffs still have not been paid their outstanding wages, benefits, unused accrued vacation, and other monies owed to them. It has been the stated position of Defendants that such monies will not be paid as affirmed in FCI's October 18, 2018 email to all employees.

27. Upon information and belief, FCI has invoiced the United States Government and other defense contractors to whom FCI serves as a sub-contractor to the United States Government for work performed during the last two weeks of September and first week of October 2018. Certain FCI contracts assume a cost basis that is calculated by taking the employee salaries, adding overhead costs associated with those employees, and adding a small fixed fee for profit. In doing so, FCI has assumed a costs basis that included

employee salaries and overhead that FCI did not incur as FCI was not paying salaries and benefits for work performed by FCI employees during the last two weeks of September and first week of October 2018. FCI has intentionally and improperly invoiced the United States Government and other defense contractors for reimbursement of employee salaries and overhead that FCI has not paid.

## COUNT I

**(Violations of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §§ 2101, *et seq.*)**
**(Against Defendant FCI)**

28. Plaintiffs restate the allegations contained in paragraphs 1 through 27 above, as if fully restated herein.

29. FCI is an "employer" pursuant to the definition contained in 29 U.S.C. § 2101(a)(1) as prior to the mass termination of its employees, FCI employed "100 or more employees, excluding part-time employees."

30. The October 8, 2018 termination of all FCI employees constituted a "plant closing" pursuant to the definition contained in 29 U.S.C. § 2101(a)(2) as FCI's main office located at 14170 Newbrook Drive, Chantilly, Virginia was closed for business and all FCI employees were terminated from employment constituting an "employment loss" as the term is defined in 29 U.S.C. § 2101(a)(6).

31. The Plaintiffs are "affected employees" as the term is defined in 29 U.S.C. § 2101(a)(5).

32. The October 8, 2018 email from Mr. Muse and letter from Mr. Gulino notifying employees of their immediate terminations was the only notification they received. The notification failed to provide the 60-day notification period as required under 29 U.S.C. § 2102(a). Indeed, the October 8, 2018 notice of termination made termination retroactive to October 5, 2018.

33. The October 8, 2018 termination notice provided by FCI failed to cite any unforeseeable business circumstances that would have precluded it from providing advance notice, of any time period, to its employees in advance of mass termination.

34. Likewise, the October 8, 2018 termination notice provided by FCI also failed to provide a brief statement as to its reasons for providing absolutely no advance warning or notice of the termination.

35. FCI willfully violated the WARN Act by failing to provide its employees advance notice of a 60-day period of impending termination of employment. FCI willfully violated the WARN Act by failing to pay wages and benefits to its employees during the mandatory 60-day period required under 29 U.S.C. § 2102.

36. Pursuant to 29 U.S.C. § 2104(a)(1)(A) and (B), Plaintiffs are entitled to back pay and benefits, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan if the employment loss had not occurred.

37. Additionally, pursuant to 29 U.S.C. § 2104(a)(6), Plaintiffs are entitled to reasonable attorney's fees and costs if they prevail in their pursuit of this WARN Act claim.

**COUNT II**

**(Violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*)**
**(Against All Defendants)**

38. Plaintiffs restate the allegations contained in paragraphs 1 through 27 above, as if fully restated herein.

39. Defendants are "employers" as the term is defined under 29 U.S.C. § 203(a) and (d) engaged in "commerce" as the term is defined under 29 U.S.C. § 203(b).

40. Plaintiffs are "employees" as the term is defined under 29 U.S.C. § 203(e) engaged in "commerce" as the term is defined under 29 U.S.C. § 203(b) and perform work on or in connection with federal contracts on behalf of Defendants.

41. Plaintiffs have not been paid their wages in violation of 29 U.S.C. §§ 206 and 207. Defendants have willfully and knowingly violated the FLSA by failing to pay minimum wages of $10.35 per hour to Plaintiffs. Indeed, Defendants willfully and knowingly violated the FLSA by failing to pay minimum wages to Plaintiffs prior to any termination.

42. Pursuant to 29 U.S.C. § 216, Plaintiffs are entitled to recover from Defendants any unpaid minimum wages, unpaid overtime compensation, liquidated damages, lost wages, unused accrued vacation, as well as reasonable attorney's fees and costs.

43. Pursuant to 29 U.S.C. § 216, Plaintiffs have consented in writing to being party plaintiffs in the instant lawsuit and such consents are attached collectively hereto as Exhibit A.

## REQUEST FOR RELIEF

Plaintiffs demand judgment against Defendants for:

A. A determination of the parties' rights and obligations under 29 U.S.C. §§ 2101, *et seq.*;

B. Monetary damages in an amount equal to those amounts permitted under 29 U.S.C. § 2104(a)(1)(A) and (B) of the WARN Act;

C. A determination of the parties' rights and obligations under 29 U.S.C. §§ 201, *et seq.*;

D. Monetary damages in an amount equal to those amounts permitted under 29 U.S.C. § 216 of the FLSA;

E. Reasonable attorney's fees and costs;

F. Prejudgment and post judgment interest; and

G. Grant such further legal and equitable relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P 38(b), Plaintiffs move for a jury trial on all counts and all issues so triable.

Respectfully Submitted,

_____/s/_____
Brad D. Weiss (Va. Bar # 22389)
CHARAPP & WEISS, LLP
8180 Greensboro Drive, Suite 1000
McLean, Virginia 22102
(703) 564-0220 (office)
(703) 564-0221 (facsimile)
brad.weiss@cwattorneys.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing Complaint was served by electronic mail and first-class mail, postage prepaid, on attorney Nicole M. Islinger of the law firm Vedder Price at 1401 I Street, NW, Suite 1100, Washington, DC 20005, nislinger@vedderprice.com.  Undersigned counsel further certifies that on November 29, 2018, Ms. Islinger agreed to accept service on behalf of all Defendants.

                                                _____/s/_____
                                                Brad D. Weiss (Va. Bar # 22389)
                                                CHARAPP & WEISS, LLP
                                                8180 Greensboro Drive, Suite 1000
                                                McLean, Virginia 22102
                                                (703) 564-0220 (office)
                                                (703) 564-0221 (facsimile)
                                                brad.weiss@cwattorneys.com